```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                         SOUTHERN DIVISION


 3
     UNITED STATES OF AMERICA,
 4
                         Plaintiff,
 5   vs.                              Case No. 13-20214
                                      Hon. Julian Abele Cook, Jr.
 6   LIAM MULHOLLAND,

 7                        Defendant.
     _____/
 8
                                  PLEA
 9
             BEFORE THE HONORABLE JULIAN ABELE COOK, JR.
10               United States District Judge
             Theodore Levin United States Courthouse
11                231 West Lafayette Boulevard
                         Detroit, Michigan
12               Thursday, November 21, 2013

13   APPEARANCES:

14   For the Plaintiff:        CATHLEEN M. CORKEN
     United States of America  U.S. Attorney's Office
15                             211 W. Fort Street - Suite 2001
                               Detroit Michigan 48226
16                             313-226-9100

17   For the Defendant:        RANDALL S. LEVINE
     Liam  Mulholland          Levine & Levine
18                             427 South Burdick Street
                               Kalamazoo, Michigan  49007
19                             269-382-0444

20                             MATTHEW F. LEITMAN
                               Miller, Canfield, Paddock & Stone
21                             840 W. Long Lake Road - Suite 200
                               Troy, Michigan  48098-6358
22                             248-267-3294

23        To obtain a copy of this official transcript, contact:
             Linda M. Cavanagh, Official Court Reporter
24            Theodore Levin United States Courthouse
              231 West Lafayette Boulevard, Room 235
25                      Detroit, Michigan  48226
           (248) 884-0327 • linda_cavanagh@mied.uscourts.gov
```

## TABLE OF CONTENTS

                                                              Page

PLEA TAKEN UNDER ADVISEMENT BY THE COURT                       25

## EXHIBITS

| Identification | Offered | Received |
|---|---|---|
| Government Exhibit No. 1, Rule 11 Plea Agreement | | 5 |
| Government Exhibit No. 2, Guilty Plea Questionnaire | | 5 |

```
 1              Detroit, Michigan

 2              Thursday, November 21, 2013

 3                        —  —  —

 4              (Proceedings commenced at 9:46 a.m., all parties

 5              present)

 6              THE CLERK:  Court calls Case No. 13-20214, United

 7     States of America versus Liam Mulholland.

 8              MS. CORKEN:  Good morning, Your Honor.  Cathleen

 9     Corken on behalf of the United States.

10              MR. LEVINE:  Good morning, Your Honor.  Randall

11     Levine appearing on behalf of Liam Mulholland.

12              MR. LEITMAN:  Matthew Leitman also appearing on

13     behalf of Mr. Mulholland.

14              THE COURT:  Do I assume that Mr. Mulholland is the

15     gentleman in between?

16              MR. LEVINE:  Mr. Mulholland is the gentlemen in

17     between us.

18              THE COURT:  It's my understanding that Mr. Mulholland

19     has expressed a desire to offer a plea of guilt to Count 1 of

20     the First Superseding Indictment, is that correct?

21              MS. CORKEN:  That's correct, Your Honor.

22              THE COURT:  All right.  Sir, would you please stand?

23              THE CLERK:  Mr. Mulholland, please raise your right

24     hand.

25                   L I A M   M U L H O L L A N D
```

```
 1   was thereupon called as a witness herein, and after being

 2   first duly sworn to tell the truth and nothing but the truth,

 3   testified on his oath as follows:

 4              DEFENDANT MULHOLLAND:  I do.

 5              THE CLERK:  Please remain standing.

 6              THE COURT:  Sir, what is your name?

 7              DEFENDANT MULHOLLAND:  Liam T. Mulholland.

 8              THE COURT:  Are you the defendant in this case?

 9              DEFENDANT MULHOLLAND:  Yes, I am.

10              THE COURT:  Mr. Mulholland, I have been asked to

11   review and admit into evidence three Government Exhibits.  And

12   I perhaps should address my questions to Mr. Levine and Mr. --

13   is it Leitman?

14              MR. LEITMAN:  Yes.

15              THE COURT:  -- before doing so.

16              Mr. Mulholland, you may have a seat.

17              I have before me two proposed exhibits.  One is

18   entitled Rule 11 Plea Agreement.  Ms. Crocker has identified

19   this as her Proposed Exhibit No. 1.  The second document is

20   entitled Guilty Plea Questionnaire.  This has been identified

21   by the Assistant United States Attorney as her Proposed Exhibit

22   No. 2.  Do either of you have any objections to the receipt of

23   these documents into evidence?

24              MR. LEVINE:  No, Your Honor.

25              MR. LEITMAN:  Your Honor, Mr. Levine can speak for
```

```
 1   our side.  He's taking the lead this morning.
 2           THE COURT:  All right.  Madame Clerk, will you share
 3   these documents with Mr. Mulholland?
 4           (Brief pause)
 5           THE COURT:  Mr. Mulholland, have you had an
 6   opportunity to -- I will ask you to stand.  Have you had an
 7   opportunity to look at the Government Proposed Exhibit 1 and 2?
 8           DEFENDANT MULHOLLAND:  Yes, Your Honor.
 9           THE COURT:  Do your signatures appear on each one of
10   them?
11           DEFENDANT MULHOLLAND:  Yes.
12           THE COURT:  Did you read each one before you signed
13   it?
14           DEFENDANT MULHOLLAND:  Yes.
15           THE COURT:  Did you understand what you were reading?
16           DEFENDANT MULHOLLAND:  Yes.
17           THE COURT:  Did you ask questions of your lawyers
18   about these documents?
19           DEFENDANT MULHOLLAND:  Yes.
20           THE COURT:  Did they answer questions to your
21   complete satisfaction?
22           DEFENDANT MULHOLLAND:  Yes.
23           THE COURT:  I will, in the absence of any objections,
24   receive into evidence the Government's Proposed Exhibits 1 and
25   2.
```

```
 1              I will now ask a series of questions of you, and
 2    please give me an answer only if you fully understand the
 3    questions and you're able to give me a full, complete and
 4    truthful answer.  If you do not understand the question or if
 5    you do not hear me or if you have any question which, in your
 6    opinion, requires some legal advice from your counsel, I
 7    recommend that you withhold your response until you have
 8    clearance from your counsel.  Do you understand that?
 9              DEFENDANT MULHOLLAND:  Yes, I do, Your Honor.
10              THE COURT:  Once again, I'm going to ask you to speak
11    up so we can hear you.  I'm having some difficulty in hearing
12    you.
13              Are you here today for the purpose of offering a plea
14    of guilt to violating Title 18 United States Code, Section 844
15    sub-paragraph (1), namely arson?
16              DEFENDANT MULHOLLAND:  Yes, I am, Your Honor.
17              THE COURT:  You know that any statement by you to me
18    during this proceeding may be used against you in perjury or
19    false statement prosecutions?
20              DEFENDANT MULHOLLAND:  Yes, I understand that, Your
21    Honor.
22              THE COURT:  How old are you at the present time?
23              DEFENDANT MULHOLLAND:  I'm 31 years.
24              THE COURT:  Can you read, write and understand the
25    English language?
```

7

```
1              DEFENDANT MULHOLLAND:  Yes, I can.
2              THE COURT:  And how far did you go in school?
3              DEFENDANT MULHOLLAND:  I have a law degree from
4    Indiana University.
5              THE COURT:  Have a law degree from?
6              DEFENDANT MULHOLLAND:  Indiana university.
7              THE COURT:  From Indiana University?
8              DEFENDANT MULHOLLAND:  Indiana University.
9              THE COURT:  You know that you have a right to have an
10   attorney represent your interests during every legal proceeding
11   before this Court?
12             DEFENDANT MULHOLLAND:  Yes, I understand that.
13             THE COURT:  Do you know that I will appoint a lawyer
14   to represent your interests in this criminal case if you cannot
15   afford to retain an attorney of your own selection?
16             DEFENDANT MULHOLLAND:  Yes, I understand that, Your
17   Honor.
18             THE COURT:  Do you know that you have a right to
19   plead not guilty?
20             DEFENDANT MULHOLLAND:  Yes, I do, Your Honor.
21             THE COURT:  Do you know that you as the defendant in
22   this case are presumed to be innocent until such time as your
23   guilt is determined by a jury or by me in a non-jury trial or
24   your waiver to a trial is accepted by me?
25             DEFENDANT MULHOLLAND:  Yes, I understand, Your Honor.
```

```
1            THE COURT:  Do you know that as a -- do you know that
2    if it is -- let me rephrase that.  Is it your desire to give up
3    your right to a trial by jury?
4            DEFENDANT MULHOLLAND:  Yes, it is, Your Honor.
5            THE COURT:  Is it also your desire to give up your
6    right to a trial without a jury?
7            DEFENDANT MULHOLLAND:  Yes, Your Honor.
8            THE COURT:  Are you aware that the government would
9    have to prove your guilt beyond a reasonable doubt at trial?
10           DEFENDANT MULHOLLAND:  Yes, I'm aware.
11           THE COURT:  Do you understand that you have a right
12   to be confronted by all of the witnesses who may be called upon
13   by the government to testify against you?
14           DEFENDANT MULHOLLAND:  Yes, Your Honor.
15           THE COURT:  Are you aware the government would have
16   to prove your guilt beyond a reasonable doubt during a trial?
17           DEFENDANT MULHOLLAND:  Yes, Your Honor.
18           THE COURT:  Are you aware that your attorneys will be
19   given an opportunity to cross-examine every witness who may be
20   called upon by the government to testify against you?
21           DEFENDANT MULHOLLAND:  Yes.
22           THE COURT:  Okay.  Are you aware of your right as a
23   defendant to call witnesses on your own behalf?
24           DEFENDANT MULHOLLAND:  Yes, I'm aware, Your Honor.
25           THE COURT:  You understand that you may use a
```

1    subpoena for the purpose of obtaining the presence of witnesses

2    to testify on your behalf during a hearing or a trial in this

3    case?

4              DEFENDANT MULHOLLAND:  Yes, Your Honor.

5              THE COURT:  Do you know that you have a right to

6    remain silent and not to incriminate yourself at any time

7    during this case?

8              DEFENDANT MULHOLLAND:  Yes, Your Honor.

9              THE COURT:  Are you aware that you're not required to

10   testify at any time in this case unless it is your desire to do

11   so?

12             DEFENDANT MULHOLLAND:  Yes, Your Honor.

13             THE COURT:  Do you know that the United States

14   Attorney cannot comment upon your election not to take the

15   witness stand in your own defense?

16             DEFENDANT MULHOLLAND:  Yes, I'm aware of that.

17             THE COURT:  You understand that you have a right to

18   have the jury instructed that no inference of guilt can be

19   assumed by your election not to take the witness stand?

20             DEFENDANT MULHOLLAND:  Yes, Your Honor.

21             THE COURT:  If you plead guilty, do you know that

22   there will be no trial and that you will give up your right to

23   a trial?

24             DEFENDANT MULHOLLAND:  Yes, I'm aware, Your Honor.

25             THE COURT:  If you're convicted at a trial, are you

Plea • November 21, 2013

10

1    aware of your right to appeal the verdict and/or the sentence?

2            DEFENDANT MULHOLLAND:  Yes, I'm aware.

3            THE COURT:  If your plea of guilt is accepted by me

4    or in the event that you're convicted at the conclusion of the

5    trial, are you aware of the right to receive the services of an

6    attorney who will assist you with your appeal?

7            DEFENDANT MULHOLLAND:  Yes.

8            THE COURT:  Did your attorney inform you of the

9    nature and elements of the criminal offense to which you are

10   offering a plea of guilty?

11           DEFENDANT MULHOLLAND:  Yes, he did.

12           THE COURT:  You fully understand the nature and the

13   elements of this criminal offense?

14           DEFENDANT MULHOLLAND:  Yes, I do, Your Honor.

15           THE COURT:  Has your attorney fully answered all of

16   your questions to your complete satisfaction?

17           DEFENDANT MULHOLLAND:  He has, Your Honor.

18           THE COURT:  One of the documents that you identified

19   a few moments ago was Government's Proposed Exhibit No. 1

20   entitled Rule 11 Plea Agreement.  Do you fully understand every

21   provision within this proposed Rule 11 Plea Agreement?

22           DEFENDANT MULHOLLAND:  Yes, I do, Your Honor.

23           THE COURT:  I believe that this Rule 11 Plea

24   Agreement contains a provision which indicates that you have

25   given up your right of appeal.  Are you aware of that?

Plea • November 21, 2013

1          DEFENDANT MULHOLLAND:  Yes, I'm aware, Your Honor.

2          THE COURT:  Let me speak to the U.S. Attorney now.

3    Am I correct in assuming that the Rule 11 Plea Agreement, which

4    has been identified as Government Exhibit No. 1, contains a

5    provision wherein Mr. Mulholland has given up his right of

6    appeal?

7          MS. CORKEN:  That's correct, Your Honor, under

8    certain circumstances he has.

9          THE COURT:  Would you identify the language within

10   Government Exhibit No. 1 which supports that proposition?

11         MS. CORKEN:  Yes, Your Honor.  Your Honor, that

12   language appears on page 9 in the Rule 11 Agreement in

13   paragraph 9.  Would the Court like me to read the language?

14         THE COURT:  Yes.

15         MS. CORKEN:  Your Honor, the Rule 11 provides in

16   paragraph 9 that, "The defendant waives any right he may have

17   to appeal his conviction.  If the sentence imposed does not

18   exceed the maximum of the guideline range determined by

19   Paragraph 2B, defendant also waives any right he may have to

20   appeal his sentence.  If the sentence imposed is within the

21   guideline range determined by Paragraph 2B, the government

22   agrees not to appeal the sentence but retains its right to

23   appeal any sentence below that range."

24         THE COURT:  Mr. Mulholland, did you hear Ms. Corken's

25   recitation of paragraph 9 on page 9 which appears in Government

1   Exhibit No. 1?

2            DEFENDANT MULHOLLAND:  Yes, I did, Your Honor.

3            THE COURT:  Does that change your mind about offering

4   a plea of guilt?

5            DEFENDANT MULHOLLAND:  No, it does not, Your Honor.

6            THE COURT:  You understand that the Rule 11

7   Agreement, which has been identified once again as Government

8   Exhibit No. 1, is only a recommendation to me?

9            DEFENDANT MULHOLLAND:  Yes, I understand that, Your

10  Honor.

11           THE COURT:  Do you realize I have a right to reject

12  this proposed Rule 11 Agreement?

13           DEFENDANT MULHOLLAND:  Yes, I understand that, Your

14  Honor.

15           THE COURT:  Do you know if the proposed Rule 11 Plea

16  Agreement is covered by Federal Rule of Criminal Procedure

17  11(c)(1)(A) of the Federal Rule of the Criminal Procedure --

18  strike that.  Do you know that if your -- if your proposed Rule

19  11 Plea Agreement is covered by Federal Rule of Criminal

20  Procedure 11(c)(1)(A) or Federal Rule of Criminal

21  Procedure 11(c)(1)(C), it will become binding upon you and the

22  government if and when it is accepted by me?

23           DEFENDANT MULHOLLAND:  Yes, Your Honor.

24           THE COURT:  Are you aware that I may require you to

25  provide full and complete restitution to any victim of your

1    alleged criminal activity?

2             DEFENDANT MULHOLLAND:  Yes, I understand, Your Honor.

3             THE COURT:  If your guilty plea is accepted by me, do

4    you know that a special assessment for each count to which your

5    guilty plea applies will also be imposed upon you in addition

6    to any fine and costs?

7             DEFENDANT MULHOLLAND:  Yes, Your Honor.

8             THE COURT:  I note in this proposed Guilty Plea

9    Questionnaire that it correctly notes that the amount of

10   special assessment will be $100.

11            DEFENDANT MULHOLLAND:  Yes, Your Honor.

12            THE COURT:  Ms. Crocker -- Crockett, I'm sorry.

13            MS. CORKEN:  It's Corken, Your Honor.

14            THE COURT:  Corken.  I'll get it right.

15            MS. CORKEN:  That's all right.

16            THE COURT:  Can you tell me on what the government

17   would rely in this case, what is -- what are the claims against

18   Mr. Mulholland.

19            MS. CORKEN:  Yes, Your Honor.  The government's

20   evidence in terms of the factual basis, Your Honor?

21            THE COURT:  Yes.

22            MS. CORKEN:  Your Honor, the government -- if the

23   case were to proceed to trial, the government's evidence would

24   establish that on March 21st of 2003 at about 3:00 o'clock in

25   the morning, the defendant and three other individuals drove to

1   the Mystic Forest Housing Development in Ann Arbor, Michigan.

2   Their purpose on that date was to set fires to homes that were

3   under construction by a development company that intended to

4   sell them.  The defendant and the other three individuals had

5   equipped themselves with gasoline, gallon jugs and old clothing

6   purchased from a secondhand store that they would discard after

7   the arsons.

8          Once the defendant and the three others arrived at

9   the Mystic Forest Housing Development, the defendant dispersed

10  gasoline throughout a home that was under construction located

11  at 3755 Birch Run.  A fire was then lit at that site using the

12  gallon jugs filled with gasoline.

13         Another participant in the arson spray painted a

14  message at the site that read "ELF - No Sprawl."  ELF stands

15  for Earth Liberation Front and is an environmental extremist

16  movement.

17         The fire department responded to the scene and

18  extinguished the fire, which completely destroyed the home.  An

19  arson investigation subsequently determined that the fire had

20  been deliberately set and that gasoline had been used as an

21  accelerant.

22         THE COURT:  Was the property salvaged?

23         MS. CORKEN:  No, Your Honor, it was completely

24  destroyed.

25         THE COURT:  Mr. Mulholland, you heard Ms. Corken's

```
1    recitation of what, in her opinion, the government would be
2    able to prove against you if this matter went to trial?
3                DEFENDANT MULHOLLAND:  Yes, it's accurate.
4                THE COURT:  Is there anything that she said with
5    which you disagree?
6                DEFENDANT MULHOLLAND:  No, Your Honor.
7                THE COURT:  Tell me in your own words what you did.
8                DEFENDANT MULHOLLAND:  Um, on the night in question,
9    myself and three other people drove out to the development site
10   where homes were under construction.
11               THE COURT:  Drove out to where?
12               DEFENDANT MULHOLLAND:  To the housing development
13   where these homes were under construction.  On our way there,
14   we purchased gasoline at a fueling station and proceeded to the
15   site.  Once there, I sprayed gasoline throughout one of the
16   homes and a fire was lit.
17               THE COURT:  What was your purpose in visiting that
18   site?
19               DEFENDANT MULHOLLAND:  Um, we were, you know -- I
20   was -- we were going to believe, in association with people and
21   beliefs, um, that we were preventing harm to the environment.
22   Yes, the purpose was to burn the house, to destroy the home.
23               THE COURT:  And in what way do you believe that
24   spreading the gasoline at or around the site would enhance the
25   environment?
```

1     DEFENDANT MULHOLLAND:  Um, it was a cause, or the

2  motivation was to stop urban development sprawl and to

3  farmlands and forested areas, and so that was -- that was the

4  motivation.

5     THE COURT:  Did you make any effort prior to visiting

6  the -- the site to persuade the housing development to -- not

7  to proceed with their development?

8     DEFENDANT MULHOLLAND:  No.  I -- honestly, I was

9  visiting, and it was one of the elder members of the group

10  suggested it and I kind of just went along with this plan.

11     THE COURT:  What was suggested?

12     DEFENDANT MULHOLLAND:  Um, that -- that we go out and

13  set fire to some homes that were under construction in areas

14  that they deemed that were environmentally sensitive areas.

15     THE COURT:  If you had been successful, what purpose

16  would setting the fire have done?

17     DEFENDANT MULHOLLAND:  You know, Your Honor, I've had

18  many years to think about this and, you know -- and I don't see

19  good that come -- you know, that came out of it or -- I was a

20  different person, so I don't think my actions would have

21  changed anything.

22     THE COURT:  Do you have a license to practice law?

23     DEFENDANT MULHOLLAND:  No, Your Honor.

24     THE COURT:  Have you taken the bar exam?

25     DEFENDANT MULHOLLAND:  Yes, I have.

Plea • November 21, 2013

17

```
1          THE COURT:  Are you awaiting results?

2          DEFENDANT MULHOLLAND:  I did pass.

3          THE COURT:  Do you know that or do you have any

4    reason to expect that the matter that brings you into court

5    today will have an adverse effect upon your ability to practice

6    law?

7          DEFENDANT MULHOLLAND:  Um, it may, yes.  I actually

8    withdraw -- withdrew my application after I received my

9    results, but when I was indicted I contacted the Board of

10   Admissions to let them know that I had been indicted.

11         THE COURT:  That you had what?

12         DEFENDANT MULHOLLAND:  That I had been indicted for

13   these crimes.

14         THE COURT:  Looking back on it, you spent a lot of

15   time in preparing for law school and a lot of time to work your

16   way through the classes at the law school.  Do you believe that

17   you have accomplished your purpose in setting fire?

18         DEFENDANT MULHOLLAND:  No, Your Honor.

19         THE COURT:  Looking back on it, do you have any

20   regrets about it?

21         DEFENDANT MULHOLLAND:  Every day.

22         THE COURT:  On page 5 of the Guilty Plea

23   Questionnaire, you wrote "On March 21, 2003, I participated in

24   the arson of a home under construction in the Mystic" -- is

25   that "Forest"?
```

Plea • November 21, 2013

18

1          MR. LEVINE:  Yes, Your Honor.

2          THE COURT:  -- "housing development in Ann Arbor,

3     Michigan.  Additional details are contained within the plea

4     agreement."  Is that your statement?

5          DEFENDANT MULHOLLAND:  Yes, it is, Your Honor.

6          THE COURT:  Was it true when you wrote it?

7          DEFENDANT MULHOLLAND:  Yes.

8          THE COURT:  Is it true now?

9          DEFENDANT MULHOLLAND:  Yes, it is.

10         THE COURT:  Are you also aware that I, in seeking to

11    determine the appropriate sentence in this case, have an

12    obligation to examine and review the applicable sentencing

13    guideline range, any possible departures under the sentencing

14    guidelines and such other sentencing factors that may be

15    applicable under Title 18 United States Code, Section 3553(a).

16         DEFENDANT MULHOLLAND:  Yes, I'm aware.

17         THE COURT:  Ms. Corken, would you advise Mr.

18    Mulholland of the maximum incarceration that I can impose on

19    him and any fine that I can impose upon him if I accept his

20    offer?

21         MS. CORKEN:  Yes, Your Honor.  Your Honor, the

22    maximum term of imprisonment for arson is 20 years.  There is a

23    mandatory minimum of five years.  The maximum fine is $250,000.

24    And the supervised release term, the maximum is three years.

25         THE COURT:  Did you hear her recitation of the

Plea • November 21, 2013

1    maximum penalties that I can impose upon you?

2         DEFENDANT MULHOLLAND:  Yes, Your Honor.

3         THE COURT:  Does that change your mind about offering

4    a plea of guilty?

5         DEFENDANT MULHOLLAND:  No, it does not, Your Honor.

6         THE COURT:  You know if your guilty plea is accepted

7    by me, it could result in the revocation of any presently

8    existing probation or parole?

9         DEFENDANT MULHOLLAND:  Yes, Your Honor, I understand.

10        THE COURT:  You understand the law requires me to

11   impose a term of supervised release upon the completion of your

12   imprisonment if you're placed in custody more than one year or

13   a term of supervised release is required by a specific statute?

14        DEFENDANT MULHOLLAND:  Yes, I understand, Your Honor.

15        THE COURT:  Are you also aware that if you violate a

16   condition of supervised release upon the completion of your

17   imprisonment and you're placed in custody for more than one

18   year or the term of supervised release is required by -- let me

19   read that again please.

20        You understand that the law requires me to impose a

21   term of supervised release upon the completion of your

22   imprisonment if you're placed in custody for more than one year

23   or if a term of supervised release is required by a specific

24   statute?

25        DEFENDANT MULHOLLAND:  Yes, I understand, Your Honor.

Plea • November 21, 2013

20

1          THE COURT:  Are you aware that if you violate a

2    condition of supervised release, your supervised release may be

3    revoked and followed by a term of imprisonment, or you may be

4    permitted to continue on supervised release without an

5    extension of the terms or modification of its conditions?

6          DEFENDANT MULHOLLAND:  Yes, Your Honor.

7          THE COURT:  Is your plea of guilt being offered today

8    freely and voluntarily?

9          DEFENDANT MULHOLLAND:  Yes, it is, Your Honor.

10         THE COURT:  Have you been induced or persuaded to

11   offer this plea of guilt because of any statement or

12   representation by anyone that you would be treated with

13   leniency by me only if you offered a plea of guilty?

14         DEFENDANT MULHOLLAND:  No, Your Honor.

15         THE COURT:  Have you been induced or persuaded to

16   offer this plea of guilt because of any threat, undue

17   influence, duress or promise?

18         DEFENDANT MULHOLLAND:  No, Your Honor.

19         THE COURT:  On or about the 21st of March, 2003, had

20   you consumed any illegal drugs, medication or alcohol or

21   controlled substance?

22         DEFENDANT MULHOLLAND:  Yes, Your Honor.

23         THE COURT:  And what was that?

24         DEFENDANT MULHOLLAND:  Marijuana, Your Honor.

25         THE COURT:  And when was the -- with regard to the --

Plea • November 21, 2013

21

1   the date of your travel to the Ann Arbor place, when did you

2   consume the marijuana?

3         DEFENDANT MULHOLLAND:  Um, within a 24-hour period.

4         THE COURT:  Do you believe that your consumption of

5   the marijuana on or about the -- the March 2003 date tended to

6   impair your ability to know the difference between right and

7   wrong?

8         DEFENDANT MULHOLLAND:  No, Your Honor.

9         THE COURT:  Do you know of anything that would

10  prevent you today from comprehending the nature as well as the

11  consequences of the criminal charges that have been placed

12  against you?

13        DEFENDANT MULHOLLAND:  No, Your Honor.

14        THE COURT:  Do you know of anything that would

15  prevent you from fully understanding the -- all of the

16  questions that I've asked you today?

17        DEFENDANT MULHOLLAND:  No, Your Honor.

18        THE COURT:  Have you provided me with full, complete

19  and truthful answers to my questions?

20        DEFENDANT MULHOLLAND:  Yes, I have, Your Honor.

21        THE COURT:  Is your plea of guilt being offered today

22  because you believe it to be in your best interests?

23        DEFENDANT MULHOLLAND:  Yes, Your Honor.

24        THE COURT:  Are you asking me to accept your

25  admission of guilt?

1          DEFENDANT MULHOLLAND:  Yes, I am, Your Honor.

2          THE COURT:  After reflecting upon the answers that

3     you've given to me, you now offer a plea of guilt to the charge

4     of arson as found in Title 18 United States Code, Section 844

5     sub-paragraph (1)?

6          DEFENDANT MULHOLLAND:  Yes, Your Honor.

7          THE COURT:  Have you thoroughly understood all of the

8     questions that I've asked you today?

9          DEFENDANT MULHOLLAND:  Yes, I have, Your Honor.

10          THE COURT:  Ms. Corken, do you have any questions of

11     Mr. Mulholland?

12          MS. CORKEN:  I do not, Your Honor.  Is the Court at

13     some point going to want the government to put the material

14     provisions of the Rule 11 on the record?

15          THE COURT:  Yes.

16          MS. CORKEN:  Okay.  Thank you.  Excuse me, I didn't

17     know you wanted me to do that now.

18          THE COURT:  Yes.

19          MS. CORKEN:  Very good.  Your Honor, as you know, the

20     defendant has agreed to plead guilty to Count 1 of the First

21     Superseding Indictment.

22          The Rule 11 also sets forth his agreement to relevant

23     conduct and to a stipulated offense.

24          In exchange for the defendant's plea, the government

25     will dismiss the remaining counts of the First Superseding

1  Indictment, that is, Counts 2, 3 and 4.

2          In addition, the government will not bring additional

3  charges against the defendant based on any of the conduct

4  reflected in the sentencing guideline worksheets that are

5  attached to the Rule 11.

6          The government agrees that it will seek a downward

7  departure at sentencing under 18 USC 3553(e) which provides

8  that the Court may then impose a sentence below the mandatory

9  minimum of five years.  The government's motion will also be

10  under Section 5K1.1 of the sentencing guidelines which provides

11  for a departure from the sentencing guideline range all based

12  on the defendant's cooperation.

13          The defendant agrees that he will not seek a greater

14  departure for his cooperation than recommended by the

15  government.  He can, however, seek a downward variance from the

16  sentencing guideline range based on the 3553(a) factors other

17  than based on his cooperation.

18          The defendant acknowledges that the reduction, if

19  any, in a sentence is up to the Court.

20          Absent the applicability of the statutory mandatory

21  minimum sentence, Your Honor, the parties agree that the

22  sentencing guideline range is from 30 to 37 months.  As we

23  heard when I recited paragraph 9 of the agreement, the sentence

24  may not exceed the 37 months, the top of the guideline range,

25  and the defendant's entitled to withdraw his guilty plea if the

1    sentence exceeds that amount.

2            The defendant agrees to pay restitution in the amount

3    of $757,615; excuse me, $757,615.

4            He agrees to pay the special assessment.

5            There is no agreement on the amount of fine, if any.

6            And there is no agreement on the length of supervised

7    release.

8            THE COURT:  Were there any injuries sustained as a

9    result of this fire?

10           MS. CORKEN:  No, Your Honor.

11           THE COURT:  Does the amount that you've just

12   identified compensate or fully compensate the property owners,

13   the loss?

14           MS. CORKEN:  It does, Your Honor.

15           THE COURT:  Mr. Levine, do you have any questions of

16   your client?

17           MR. LEVINE:  I do not, Your Honor.

18           THE COURT:  Do you believe that the elements of the

19   offense have been established?

20           MR. LEVINE:  I have, Your Honor.  I think the parties

21   would stipulate that the materials that were used in the

22   construction of the homes moved in interstate commerce.

23           THE COURT:  I will accept the offer of guilt by the

24   defendant, Liam Mulholland.

25           MR. LEVINE:  Thank you, Your Honor.

Plea • November 21, 2013

25

1          THE COURT:  However, I will reserve judgment on the

2   acceptance of the Rule 11 Plea Agreement.  Mr. Mulholland, I

3   will direct you to return to this courtroom on Tuesday,

4   March 18, 2014 at 10:00 o'clock in the morning.  At that time I

5   will advise you as to whether I will or will not accept your

6   offer of guilt and will also accept -- and whether I will

7   accept the proposed Rule 11 Plea Agreement.  If, for any

8   reason, I do not accept the guilty plea or in the event that I

9   do not accept the proposed Rule 11 Plea Agreement, a new trial

10   will be set for March 25, 2014 at 8:30 in the morning.

11          Ms. Corken, what is the bond in this matter?

12          MS. CORKEN:  Your Honor, the defendant is on his own

13   personal recognizance.  I believe there's a $10,000 unsecured

14   bond.

15          THE COURT:  I assume, Mr. Levine, you have no

16   objection?

17          MR. LEVINE:  That's correct, Your Honor.

18          THE COURT:  All right.  That bond will be continued.

19          Would you assume the responsibility of seeing that

20   your client is taken to the Probation Department?

21          MR. LEVINE:  I will, Your Honor.

22          THE COURT:  Okay.  Do you have any questions, Ms.

23   Corken?

24          MS. CORKEN:  I do not, Your Honor.

25          THE COURT:  Mr. Levine, do you have any questions?

1          MR. LEVINE:  I have no questions, Your Honor.  But if

2     it please the Court, I just wanted to take a moment to clarify

3     what my understanding of part of the Rule 11 Agreement is

4     because there is a certain amount of -- there could be a

5     certain amount of confusion.

6          THE COURT:  And what would that be?

7          MR. LEVINE:  I just wanted to -- to indicate that Ms.

8     Corken intends to move for the downward departure of below the

9     guideline range based on Mr. Mulholland's substantial

10    assistance, so the 37-month range is going to be reduced.

11         And nothing in the agreement will preclude Mr.

12    Mulholland from seeking a variance, which Ms. Corken mentioned,

13    under 18 3553(a) for reasons such as post-offense

14    rehabilitation.  The only limitation he has on that variance

15    would be he cannot go beyond the -- the levels of -- he cannot

16    base it on his cooperation because that will have been taken

17    into account by the -- by the government's motion.

18         So I know it's in there, but it has caused my client

19    a certain amount of confusion.  I just wanted to make that

20    clear.

21         THE COURT:  Is that accurate?

22         MS. CORKEN:  That's accurate, Your Honor.  That is

23    accurate.

24         THE COURT:  All right.  Are you satisfied?

25         MR. LEVINE:  I am, thank you.

1          THE COURT:  Okay.  Anything further at this point?

2          MS. CORKEN:  Nothing from the government, Your Honor.

3          THE COURT:  Mr. Levine?

4          MR. LEVINE:  No, Your Honor.

5          THE COURT:  Thank you.  Good luck to you.  I'll see

6      you in March.

7          MR. LEVINE:  Yes.

8          MS. CORKEN:  Thank you, Your Honor.

9          (Whereupon proceedings were concluded at 10:24 a.m.)

10                              —   —   —

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| 1 | C E R T I F I C A T I O N |
| 2 | I, Linda M. Cavanagh, Official Court Reporter of the |
| 3 | United States District Court, Eastern District of Michigan, |
| 4 | appointed pursuant to the provisions of Title 28, United States |
| 5 | Code, Section 753, do hereby certify that the foregoing pages 1 |
| 6 | through 27 comprise a full, true and correct transcript taken |
| 7 | in the matter of United States of America vs. Liam Mulholland, |
| 8 | Case No. 13-20214, on Thursday, November 21, 2013. |
| 9 | |
| 10 | |
| 11 | s/Linda M. Cavanagh |
| 12 | Linda M. Cavanagh, CSR 131, RPR, CM, CRR<br>Federal Official Court Reporter |
| 13 | United States District Court<br>Eastern District of Michigan |
| 14 | |
| 15 | |
| 16 | Date: February 19, 2014 |
| 17 | Detroit, Michigan |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |